IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA,

      Plaintiff,

                                    3:11-CV-374-PK

v.                                    FINDINGS AND
                                    RECOMMENDATION

WEST HILLS DEVELOPMENT COMPANY,
INC., ARBOR STATION, LLC, ARBOR
VINEYARDS, LLC, ARBOR VINEYARDS
HOMEOWNERS ASSOCIATION,

      Defendants.

_____

ARBOR VINEYARDS HOMEOWNERS
ASSOCIATION,

      Third-Party Plaintiff,

v.

NORTH AMERICAN CAPACITY
INSURANCE COMPANY,

      Third-Party Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Insurance Company of the State of Pennsylvania ("ICSP") filed this action

against defendants West Hills Development Company, Inc. ("WHDC"), and Arbor Station, LLC

Page 1 - FINDINGS AND RECOMMENDATION

("AS"), on March 25, 2011, seeking this court's declaratory judgment that ICSP owes no duty to

defend or to indemnify those defendants in connection with two specified construction defects

actions against them (respectively, the "Arbor Station action" and the "Arbor Vineyards action").

On July 25, 2011, ICSP amended its complaint, adding as an additional defendant Arbor

Vineyards, LLC ("AV"). On August 17, 2011, WHDC, AS, and AV answered ICSP's first

amended complaint and alleged counterclaims against ICSP for breach of contract in connection

with each of the two construction defects actions and for this court's declaration that ICSP owes

the defendants duties to defend and to indemnify in connection with each of the two actions. On

September 23, 2011, ICSP amended its complaint a second time, adding Arbor Vineyards

Homeowners Association ("AVHA") as an additional defendant and (i) seeking this court's

declaration that ICSP owes no duty to defend or to indemnify WHDC or AS in connection with

the Arbor Station action, (ii) alleging WHDC's and AS's liability for unjust enrichment in

connection with the Arbor Station action, and (iii) seeking this court's declaration that ICSP owes

no duty to defend or to indemnify WHDC, AV, or AVHA in connection with the Arbor

Vineyards action. WHDC, AS, and AV restated their counterclaims for breach of contract and

for declaratory judgment in an answer to ICSP's second amended complaint on October 7, 2011.

On January 6, 2012, AVHA answered ICSP's complaint, alleging a counterclaim against

ICSP for breach of contract and a third-party complaint against third-party defendant North

American Capacity Insurance Company ("NACIC") arising out of the same issues complained of

in ICSP's second amended complaint. By and through its third-party complaint against NACIC

as originally filed, AVHA alleges NACIC's liability for breach of contract and seeks this court's

declaration that NACIC has a duty to defend and to indemnify AVHA in connection with the

Arbor Vineyards action. On February 28, 2012, NACIC moved to dismiss the third-party claims

alleged against it by and through AVHA's third-party complaint. On March 9, 2012, prior to

resolution of NACIC's motion to dismiss, AVHA filed a document styled as its "Notice of Filing

of Amended Third-Party Complaint," including as an attachment thereto an amended pleading.

By and through the amended pleading of March 9, 2012, AVHA adds two counterclaims for

declaratory judgment to the counterclaim for breach of contract it alleges against ICSP, and adds

two additional third-party claims for declaratory judgment (one styled as a third-party claim for

declaratory judgment pursuant to Or. Rev. Stat. 28.020, and one styled as a third-party claim for

declaratory judgment pursuant to contract) to the third-party claims for breach of contract and for

declaratory judgment (now restyled as a third-party claim for declaratory judgment pursuant to

assignment) previously alleged against NACIC.

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on the

complete diversity of the parties and the amount in controversy. Now before the court is third-

party defendant NACIC's Federal Civil Procedure Rule 12(b)(6) motion (#24) to dismiss

defendant/third-party plaintiff AVHA's third-party claims for declaratory judgment pursuant to

assignment and for breach of contract.[1]  I have considered the motion, oral argument on behalf of

the parties, and all of the papers and pleadings on file. For the reasons set forth below, NACIC's

motion should be granted, and AVHA's third-party claims for breach of contract and for

declaratory judgment pursuant to assignment should be dismissed.

---

[1] NACIC expressly does not move at this time against AVHA's third-party claims for declaratory judgment pursuant to contract or declaratory judgment pursuant to Or. Rev. Stat. 28.020.

Page 3 - FINDINGS AND RECOMMENDATION

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), the allegations in support of a claim must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a). Instead, the plaintiff must plead affirmative factual content, as opposed to any merely conclusory recitation that the elements of a claim have been satisfied, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), *citing Iqbal*, 129 S. Ct. at 1949; *see also, e.g., Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (applying principles derived from *Twombly* and *Iqbal* with equal force to claims stated in complaints and counterclaims stated in responsive pleadings).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, this court accepts all of the allegations in the pleading as true and construes them in the

light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007).

Moreover, the court "presume[s] that general allegations embrace those specific facts that are

necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994),

*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however,

accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v.*

*Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## FACTUAL BACKGROUND

### I.    The Parties

Plaintiff ICSP is a Pennsylvania corporation headquartered in New York, New York.

ICSP is an insurance company engaged in the business, *inter alia*, of selling excess liability

insurance.

Defendant AS is an Oregon limited liability company apparently headquartered in

Oregon.  AS is the owner and developer of a so-called "townhome community" located in

Beaverton, Oregon, known as the Arbor Station townhome community ("Arbor Station").  The

Arbor Station action was brought against AS and WHDC in connection with alleged defects in

the construction of townhomes in the Arbor Station development.

Defendant AV is an Oregon limited liability company apparently headquartered in

Oregon.  AV is the owner and developer of a development located in Beaverton, Oregon, known

as the Arbor Vineyards Planned Unit Development ("Arbor Vineyards").  The Arbor Vineyards

action was brought against AV, AVHA, and WHDC in connection with alleged defects in the

construction of townhomes in the Arbor Vineyards development.

Defendant WHDC is an Oregon corporation apparently headquartered in Oregon.

WHDC is a general contractor, and served as the general contractor in connection with the construction of the Arbor Station and Arbor Vineyards developments.

Defendant and third-party plaintiff AVHA is an Oregon non-profit corporation apparently headquartered in Oregon. AVHA serves as the "governing body" of the Arbor Vineyards development.

Third-party defendant NACIC is a New Hampshire corporation apparently headquartered in New Hampshire. NACIC is in the business of selling insurance policies.

## II.    ICSP's Dispute with the Defendants

Plaintiff ICSP issued two excess liability insurance policies to defendant WHDC, one with an effective period from August 1, 2003, to August 1, 2004 (the "2003-2004 excess policy"), and one with an effective period from August 1, 2004, through June 1, 2006 (the "2004-2006 excess policy"). Both policies name defendant AV (under its previous business name, Arbor Oaks, LLC) as a "Supplemental Named Insured," and the 2004-2006 excess policy names defendant AS as a "Supplemental Named Insured." Both of ICSP's excess policies provide for an "each-occurrence" coverage limit of $5,000,000 and an aggregate coverage limit of $5,000,000. The 2003-2004 excess policy was "excess" with respect to an underlying primary commercial general liability policy issued by third-party defendant NACIC with an effective period from August 1, 2003, through August 1, 2004 (the "underlying 2003-2004 policy" or "NACIC's 2003-2004 policy"), and the 2004-2006 excess policy was "excess" with respect to underlying primary commercial general liability policies issued by third party Quanta Specialty Lines Insurance Company with an effective period from August 1, 2004, through June 1, 2006. Each of ICSP's excess policies provides that ICSP has no duty or obligation to "assume charge of the

investigation, settlement or defense of any claim made, suit brought or proceeding instituted against the insured." The excess policies each provide coverage only for property damage occurring or beginning to incur during the policy's effective period, and caused by an "occurrence" that took place during the policy's effective period. Each of the excess policies contains coverage exclusions for liability arising out of "owned or occupied property," work or work product of the insured, "impaired property," "fungus," and any work performed on behalf of the insured for which no written indemnification agreement was executed. The 2003-2004 excess policy contains an additional exclusion for coverage for liability arising out of work involving condominium or other "common interest" housing developments.

In 2008, third party Arbor Station Homeowners Association brought the Arbor Station action in the Washington County Circuit Court against WHDC, AS, and others not parties to this action, alleging WHDC's and AS's liability for negligence, negligent misrepresentation, breach of fiduciary duty, and nuisance in connection with the construction of the Arbor Station development. WHDC and AS apparently attempted to tender the defense of the Arbor Station action to ICSP. In addition, WHDC and AS requested that ICSP contribute an unspecified sum of money toward settlement of the Arbor Station action, and ICSP agreed to do so and did do so, subject to a reservation of the right to seek reimbursement of the money in the event coverage under ICSP's excess policies is not triggered by the Arbor Station action.

In 2009, defendant and third-party plaintiff AVHA brought the Arbor Vineyards action in the Washington County Circuit Court against WHDC and AV, alleging WHDC's and AV's liability for breach of contract, breach of implied warranties, intentional or negligent misrepresentation, negligence, negligence *per se*, nuisance, trespass, and breach of fiduciary duty

in connection with the construction of the Arbor Vineyards development. As in connection with the Arbor Station action, WHDC and AV apparently attempted to tender the defense of the Arbor Vineyards action to ICSP, and in addition requested that ICSP contribute an unspecified sum of money toward settlement of the Arbor Vineyards action, and ICSP agreed to do so subject to a reservation of the right to seek reimbursement of the money in the event coverage under ICSP's excess policies is not triggered by the Arbor Vineyards action. In connection with the Arbor Vineyards action, however, WHDC and AV rejected ICSP's reservation of rights, and did not accept ICSP's contribution. It further appears that NACIC refused to accept WHDC's and AV's tender of the defense of the Arbor Vineyards action, and refuses to indemnify those defendants in connection with that action.

Plaintiff ICSP seeks this court's declarations that ICSP owes no duty to defend or indemnify in connection with the Arbor Station action and that ICSP owes no duty to defend or indemnify in connection with the Arbor Vineyards action, and seeks restitution (on a theory of unjust enrichment) of the moneys it contributed towards settlement of the Arbor Station action. Defendants WHDC and AS allege that ICSP breached its excess liability insurance policies with them by refusing to undertake their defense in the Arbor Station action, and seek this court's declaration that ICSP owes them a duty to defend and indemnify in connection with that action. Defendants WHDC and AV allege that ICSP breached its excess liability insurance policies with them by refusing to undertake their defense in the Arbor Vineyards action, and seek this court's declaration that ICSP owes them a duty to defend and indemnify in connection with that action. Defendant and third-party plaintiff AVHA alleges that ICSP breached its excess liability insurance policies with WHDC by refusing to undertake WHDC's defense in the Arbor

Vineyards action, and alleges that it was harmed by WHDC's alleged breach due to its status as

WHDC's assignee[2] under ICSP's excess liability policies.

## III.    AVHA's Dispute with NACIC

As noted above, by and through its amended pleading of March 9, 2012,[3] third-party

plaintiff AVHA alleges claims against third-party defendant NACIC for breach of contract and

for declaratory judgment on three theories (declaratory judgment "pursuant to assignment,"

declaratory judgment "pursuant to Or. Rev. Stat. 28.020," and declaratory judgment "pursuant to

contract").  In support of its third-party claim against NACIC for breach of contract, AVHA

alleges as follows:

> 46.    The NAC[IC] [2003-2004] Policy provides insurance coverage to [WHDC], which [WHDC] assigned to [AVHA].

> 47.    The NAC[IC] [2003-2004] Policy obligates NAC[IC] to provide indemnity coverage, including payment of some or all of the settlement in the [Arbor Vineyards] action.

> 48.    NAC[IC] breached its contract with [WHDC] and thereby with [AVHA] by denying the tender of claim and refusing to contribute any amount in attorneys' fees incurred by [WHDC] in its defense in the [Arbor Vineyards] action and also by refusing to participate in settlement negotiations between its insured and [AVHA] and further by allowing its insured to suffer $2,100,000 in damages to which NAC[IC] has refused to indemnify [WHDC].

---

[2] AVHA alleges that it is an assignee of WHDC under ICSP's excess liability policies. AVHA does not allege the circumstances under which it purportedly became WHDC's assignee.

[3] Although AVHA's filing of March 9, 2012, is somewhat procedurally irregular, in that rather than file an amended pleading with the court AVHA elected instead to file only a "notice" of filing an amended pleading, it is clear that, under Federal Civil Procedure Rule 15(a)(1)(B), as of March 9, 2012, AVHA was entitled to amend its pleading without first obtaining leave of court or NACIC's consent. *See* Fed. R. Civ. P. 15(a)(1)(B).  I therefore recommend that the court deem AVHA's amended pleading properly and timely filed.

49.   [WHDC] has fully performed its obligations under the NAC[IC] [2003-2004] Policy, or it [*sic*] has been excused or waived.

50.   [AVHA], as an assignee of [WHDC], has been damaged in an amount to be proven at trial.

51.   [AVHA] is entitled to its attorney fees pursuant to ORS 742.061.

AVHA's Amended Counterclaim and Third-Party Complaint, ¶¶ 46-51.  In support of its third-party claim for declaratory judgment pursuant to assignment, AVHA alleges as follows:

28.   [AVHA], as an assignee of [WHDC], claims coverage for the [Arbor Vineyards] action under the NAC[IC] [2003-2004] Policy.

29.   NAC[IC] owes a defense and indemnity to [AVHA] because the claims against [WHDC] fall within the coverage grant of the NAC[IC] insuring agreements because they allege "property damage" caused by an "occurrence" within the applicable policy period.

30.   These claims present an actual case or controversy between the parties which is ripe for a determination by the Court declaring the respective rights and duties of the parties under the NAC[IC] [2003-2004] Policy with respect to the [Arbor Vineyards] action.

31.   [AVHA] is entitled to declaratory judgment pursuant to 28 U.S.C. § 2201 *et. seq.* declaring that there is coverage under the NAC[IC] [2003-2004] Policy for the claims asserted against [WHDC] and that NAC[IC] has a duty to defend and indemnify [WHDC] with respect to damages suffered and loss sustained in the [Arbor Vineyards] action.

32.   Pursuant to 28 U.S.C. § 2201, [AVHA] requests a declaration that NAC[IC] had and has a duty to indemnify [WHDC] in the [Arbor Vineyards] action and that the $2,100,000 in damages suffered by [WHDC] in the [Arbor Vineyards] action is covered under the NAC[IC] [2003-2004] Policy; therefore, resultant damages shall be awarded to [AVHA] as assignee of [WHDC's] rights and claims.

33.   Having been required to incur attorney fees to protect its interests under [WHDC's] policy through declaratory relief, [AVHA] is entitled to recover its reasonable attorneys' fees incurred herein pursuant to ORS 742.061.

*Id.*, ¶¶ 28-33.  In support of its third-party claim for declaratory judgment pursuant to Or. Rev.

Page 10 - FINDINGS AND RECOMMENDATION

Stat. 28.020, AVHA alleges as follows:

35.  Pursuant to ORS 28.020, [AVHA], as a judgment creditor of [WHDC], claims coverage and indemnity for the [Arbor Vineyards] action under the NAC[IC] [2003-2004] Policy.

36.  NAC[IC] owes indemnity to [AVHA] because the claims against [WHDC] fall within the coverage grant of the NAC[IC] [2003-2004] Policy insuring agreements since the claims allege "property damage" caused by an "occurrence" within the applicable policy period.

37.  These claims present an actual case or controversy between the parties which is ripe for a determination by the Court declaring the respective rights and duties of the parties under the NAC[IC] [2003-2004] Policy with respect to the [Arbor Vineyards] action.

38.  [AVHA] is entitled to a declaratory judgment pursuant to ORS 28.020, declaring that there is coverage under the NAC[IC] [2003-2004] Policy for the claims asserted against [WHDC] and that NAC[IC] has a duty to defend and indemnify [WHDC] with respect to damages suffered and loss sustained in the [Arbor Vineyards] action.

39.  Pursuant to ORS 28.020, [AVHA] requests a declaration that NAC[IC] had and has a duty to indemnify [WHDC] in the [Arbor Vineyards] action and that the $2,100,000 in damages suffered by [WHDC] in the [Arbor Vineyards] action is covered under the NAC[IC] [2003-2004] Policy; therefore, resultant damages shall be awarded to [AVHA] as judgment creditor.

40.  Having been required to incur attorney fees to protect its interests under [WHDC's] policy through declaratory relief, [AVHA] is entitled to recover its reasonable attorneys' fees incurred herein pursuant to ORS 742.061.

*Id.*, ¶¶ 35-40. In support of its third-party claim for declaratory judgment pursuant to contract,

AVHA alleges as follows:

42.  Section IV, Subsection 3 of the NAC[IC] [2003-2004] Policy contains the following provision: "A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance."

43.  [AVHA] is judgment creditor of a final judgment against [WHDC] from

Page 11 - FINDINGS AND RECOMMENDATION

the [Arbor Vineyards] action.

44.    Pursuant to this final judgment and as contemplated by the above-referenced provision, [AVHA] seeks a determination that it is entitled to a recovery against NAC[IC] on the final judgment in the [Arbor Vineyards] action.

*Id.*, ¶¶ 42-44.

## IV.    NACIC's 2003-2004 Policy[4]

In relevant part, under the bolded, all-majuscule, enlarged-font heading "**COMMON POLICY CONDITIONS**" and the bolded sub-heading "**Transfer Of Your Rights And Duties Under This Policy**," NACIC's 2003-2004 policy provides as follows:

Your rights and duties under this policy may not be transferred without [NACIC's] written consent except in the case of death of an individual named insured.

NACIC's 2003-2004 Policy, Common Policy Conditions, § F.

## ANALYSIS

NACIC moves to dismiss AVHA's third-party claims for breach of contract and for declaratory judgment pursuant to assignment only. It is NACIC's position that each of these two claims fails under Federal Civil Procedure Rule 12(b)(6) because (as is undisputed) each claim necessarily depends on the validity of a purported assignment from WHDC to AVHA of WHDC's rights under NACIC's 2003-2004 policy, and because (as AVHA disputes) that

---

[4] Where a pleading refers extensively to a document that is not attached as an exhibit to the pleading, or where such a document forms the basis for the claims stated in the pleading, the federal courts may treat the document as a part of the pleading for purposes of a motion brought under Federal Civil Procedure Rule 12(b)(6). *See, e.g., United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003). Here, NACIC's 2003-2004 policy clearly forms the basis of AVHA's claims for declaratory judgment pursuant to assignment and for breach of contract. Thus, under *Ritchie*, this court may consider the provisions of the underlying 2003-2004 policy in determining the merits of NACIC's motion.

assignment (if any such assignment occurred) was necessarily a nullity in light of the anti-assignment provision of NACIC's 2003-2004 policy (set forth above).  In *Holloway v. Republic Indem. Co. of Am.*, 341 Or. 642 (2006), the Oregon Supreme Court considered the validity of a purported transfer of an insured's rights under a liability insurance policy to a judgment creditor of the insured in light of an insurance policy's anti-assignment provision that provided as follows:

> [The insured's] rights or duties under this policy may not be transferred without
> [the insurer's] written consent.

*Holloway*, 341 Or. at 650.  The court stated that "[t]he policy does not provide an explicit definition for the phrase 'rights or duties'; therefore, we must decide whether that phrase has a plain meaning." *Id.*  Following brief analysis, the court concluded that the "rights or duties" referenced in the anti-assignment provision necessarily and unambiguously referred to the rights or duties of the insured, including all such rights both before and after an "occurrence" triggering insurance coverage. *See id.* at 650-651.  On the basis of that conclusion, the court held that "the only reasonable interpretation of the anti-assignment clause at issue in this case is that it prohibits the assignment of the insured's rights or duties without regard to whether they arose pre-loss or post-loss.  In other words, *none* of the insured's rights or duties could be assigned without [the insurer]'s written consent." *Id.* at 652 (emphasis original).  NACIC notes, correctly, that the anti-assignment provision of its 2003-2004 policy is substantially identical to the anti-assignment provision at issue in *Holloway*, and on that basis argues that, under *Holloway*, WHDC was prohibited from assigning its rights under that policy to AVHA or to any other person or entity.

AVHA raises three non-frivolous arguments[5] in opposition to NACIC's position.  First,

---

[5]  In addition to the non-frivolous arguments discussed *infra*, AVHA raises several further arguments that may be disposed of without significant analysis.  First, AVHA argues that

AVHA argues that the anti-assignment provision is unenforceable by operation of Or. Rev. Stat.

31.825.  Section 31.825 provides as follows:

> A defendant in a tort action against whom a judgment has been rendered may
> assign any cause of action that defendant has against the defendant's insurer as a
> result of the judgment to the plaintiff in whose favor the judgment has been
> entered.  That assignment and any release or covenant given for the assignment
> shall not extinguish the cause of action against the insurer unless the assignment
> specifically so provides.

Or. Rev. Stat. 31.825.  Because the causes of action AVHA seeks to enforce against NACIC in

connection with its breach of contract and declaratory judgment pursuant to assignment claims

(as opposed to its third-party claims for declaratory judgment pursuant to Or. Rev. Stat. 31.825

and pursuant to contract) derive, not from the judgment against WHDC in the Arbor Vineyards

---

adjudication of any questions of law regarding interpretation or enforceability of the
anti-assignment provision is "more properly decided on summary judgment" than in the context
of a motion to dismiss.  This argument is unpersuasive; that disposition of a motion to dismiss
may require resolution of a question of law is no obstacle to disposition of the motion.  *See, e.g.,*
*Knievel v. ESPN*, 393 F.3d 1068, 1073-1074 (9th Cir. 2005).  Second, AVHA argues that
because it has alleged the satisfaction of all elements of its causes of action and because it has
specifically alleged that WHDC performed all "conditions precedent" on ICSP's obligations to
WHDC, its third-party claims cannot be dismissed under Federal Civil Procedure Rule 12(b)(6).
This argument is equally unpersuasive; the allegation that AVHA is WHDC's assignee under
NACIC's 2003-2004 policy is in effect a legal conclusion the truth of which this court is not
required to assume, *see Western Mining Council*, 643 F.2d at 624, and moreover the anti-
assignment provision of NACIC's 2003-2004 policy may properly be treated as having been pled
as a part of AVHA's third-party complaint, *see Ritchie*, 342 F.3d at 907-908.  Third, AVHA
argues that unresolved questions of fact regarding the possibility that the no-assignment
provision might be deemed unconscionable, and therefore unenforceable, preclude dismissal of
its third-party claims.  This argument fails because, as a matter of law, there is nothing
substantively unconscionable in the anti-assignment provision, and a finding of unconscionability
requires both procedural and substantive unconscionability.  *See Livingston v. Metro. Pediatrics,*
*LLC*, 234 Or. App. 137, 151 (2010).  Fourth, and finally, AVHA argues that NACIC's motion
must be denied because AVHA has filed an amended third-party complaint since NACIC filed its
motion to dismiss.  This argument necessarily fails because NACIC moves only against the two
third-party claims common both to AVHA's third-party complaint as originally filed and to its
amended pleading, and because the existence of additional claims which may or may not validly
state causes of action is no barrier to dismissal of an inadequately pled claim.

Page 14 - FINDINGS AND RECOMMENDATION

action, but rather from the purported assignment of contractual rights from WHDC to AVHA, by the plain language of the statute, Section 31.825 is inapplicable here. *See* Or. Rev. Stat. 31.825; *see also* in *Portland Sch. Dist. No. 1J v. Great Am. Ins. Co.*, 241 Or. App. 161, 166-172, 172-176 (2011).

Second, AVHA argues that the enforceability of the anti-assignment provision of NACIC's 2003-2004 policy is governed, not by *Holloway*, *supra*, but rather by the Oregon Supreme Court's previous decision in *Groce v. Fidelity General Ins. Co.*, 252 Or. 296 (1968). In *Groce*, the court held that a provision that "'[a]ssignment of interest under this policy shall not bind the company until its consent is endorsed hereon * * *' . . . need not detain [the court] [because] [i]t is well settled that such a provision does not preclude the assignment of a cause of action for damages for breach of a contract." *Groce*, 252 Or. at 306 (citing California law in support). However, while the Ninth Circuit has held that *Holloway* did not altogether overrule *Groce*, it has clarified that the *Groce* holding has since been limited to "a substantive rule of law concerning the interpretation of a specific clause," and that *Groce* now stands only for the limited proposition that assignment "of interest" bars only *pre-loss* assignments and not post-loss assignments. *Alexander Mfg. v. Illinois Union Ins. Co.*, 560 F.3d 984, 988 (9th Cir. 2009). Because the anti-assignment provision at issue here is substantially identical to the provision at issue in *Holloway*, and does not have the characteristics of the provision at issue in *Groce*, I conclude that *Holloway* rather than *Groce* governs analysis of the anti-assignment provision at issue here.

Third, at oral argument AVHA raised a novel argument not articulated in AVHA's briefing in opposition to NACIC's motion. AVHA argued before the court that because NACIC

is alleged to have breached its 2003-2004 policy with WHDC prior to the purported assignment

by WHDC to AVHA by failing to undertake WHDC's defense in the Arbor Vineyards action and

by failing to contribute to the settlement of that action (*see* AVHA's Amended Counterclaim and

Third-Party Complaint, ¶ 48), it is not entitled to seek enforcement of the policy's anti-

assignment provision of against WHDC or its purported assignee. However, under Oregon law,

where an insurer breaches its contractual duty to its insured, the terms and conditions of the

parties' insurance contract continue to govern the scope of the insurance to which the insured is

entitled. *See Northwest Pump & Equip. Co. v. American States Ins. Co.*, 144 Or. App. 222,

226-228 (1996).

> That conclusion is the only one consistent with the general rule that an insured is
> entitled to the benefit of its bargain, and no more. [An insurance] policy contains
> provisions specifying the conditions of coverage, exclusions and exceptions to the
> exclusions. To allow coverage beyond those terms . . . would be to allow the
> insured to obtain more than it bargained for. . . .

*Id.* at 227; *see also id.* ("The scope of an insurer's risk is determined by the terms of the policy,

not by the conduct of the parties subsequent to execution"), *citing ABCD . . . Vision v. Fireman's*

*Fund Ins. Companies*, 304 Or. 301, 307 (1987). Because notwithstanding NACIC's alleged

breach of its duties, WHDC was entitled to receive from NACIC only the insurance it was

entitled to receive in the absence of any such breach, WHDC had no assignable interest under

NACIC's 2003-2004 policy, and therefore could not effectively assign any such interest to

AVHA regardless of whether NACIC breached its own obligations to WHDC.

Because the terms and conditions of NACIC's 2003-2004 policy continue to govern

analysis of the insured's rights under that policy without regard to whether NACIC may have

breached its own obligations under the policy, and because the anti-assignment provision of

Page 16 - FINDINGS AND RECOMMENDATION

NACIC's 2003-2004 policy is enforceable to prohibit assignment of WHDC's rights under that policy to AVHA, AVHA's third-party claims for breach of contract and for declaratory judgment pursuant to assignment (each of which depends on the validity of the purported assignment of WHDC's rights under the policy to AVHA) necessarily fail. NACIC's motion to dismiss should therefore be granted as to both those third-party claims.

## CONCLUSION

For the reasons set forth above, third-party defendant NACIC's Federal Civil Procedure Rule 12(b)(6) motion (#24) to dismiss should be granted as to third-party plaintiff AVHA's third-party claims for breach of contract and for declaratory judgment pursuant to assignment. AVHA's third-party claims for breach of contract and for declaratory judgment pursuant to assignment should be dismissed with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 23rd day of May, 2012.

Honorable Paul Papak
United States Magistrate Judge